**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WILLIAM PAUL SMITH** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:19-cv-335-HTW-LRA**

**EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION** **DEFENDANT**

**DEFENDANT EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCES TO DISCOVERY IN THIS MATTER**

Defendant East Mississippi Electric Power Association ("EMEPA") moves this Court *in limine* for an order excluding all references to or evidence concerning discovery that has taken place in this matter including, but not limited to, discovery disputes that have arisen, the process involved in the gathering and production of documents or taking depositions, retention policies, and any alleged discovery-related misconduct.

**ARGUMENT**

**A. Discovery Disputes Between the Parties Are Irrelevant to the Underlying Issues in This Case.**

Discovery and discovery-related conduct that is part of the litigation or fact-gathering process is an entirely separate matter than the relevant facts or merits of a case.[1] The underlying issues in this case are whether (1) EMEPA terminated Plaintiff's employment in violation of USERRA, and (2) whether EMEPA refused to promote Plaintiff in violation of USERRA. This issue is not whether Plaintiff or Defendant believe the other side has fully cooperated in discovery.

[1] *Equal Employment Opportunity Comm'n v. Vicksburg Healthcare, LLC*, No. 3-13-CV-895-KS-MTP, 2017 WL 218837, at *3 (S.D. Miss. Jan. 18, 2017) ("The Court does not find that any discovery issue, including unanswered discovery requests, inadequate answers, or any other type of dispute, is relevant to the issues before the jury.").

Likewise, allegations that Defendant or Defendant's counsel acted improperly during the fact-gathering process do not make it more or less probable that Defendant discriminated against Plaintiff in violation of USERRA, just as allegations that Plaintiff or his counsel acted improperly do not impact the underlying merits of his claim.[2]

Furthermore, the parties have had full access to the Court to resolve any and all discovery disputes. EMEPA raised its discovery-related issues with Magistrate Judge Anderson and these and other discovery issues have been resolved by the parties.[3] For Plaintiff to raise the same issues to the jury in an effort to present Defendant in a bad light is irrelevant and, moreover, misconstrues the role of the jury. It is not the role of the jury as fact-finder to decide discovery-related disputes or other pretrial legal matters.[4]

Finally, any argument that Defendant's conduct during discovery is somehow indicative of liability is tantamount to a sanction for alleged discovery-related abuses.

---

[2] *Stubblefield v. Suzuki Motor Corp.*, No. 3:15-CV-18-HTW-LRA, 2018 WL 4610895, at *5 (S.D. Miss. Sept. 25, 2018) ("This court cannot fathom how discovery disputes between the parties, in this litigation, would be germane to the plaintiffs' case-in-chief."); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS, 2017 WL 273669, at *9 (N.D. Tex. Jan. 20, 2017) (granting defendants' motion in limine to exclude references to "alleged litigation misconduct, including the numerous discovery disputes and sanctions during the course of this litigation" because "[d]iscovery disputes are not relevant to any issue to be decided by the jury" and "the conduct of all counsel in this case is irrelevant in the determination of liability and damages"); *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 818 (E.D. Pa. 2005) ("Throughout this lawsuit, the discovery process has been contentious and hostile. Evidence of Counsel's hostility or disputes surrounding production of documents is entirely irrelevant to the Plaintiff's race discrimination claim.").

[3] Plaintiff sought information about EMEPA's document and email retention policies through written discovery and depositions of EMEPA staff, but he never filed any discovery motion or sought a conference with the Court on discovery-related issues.

[4] *See New Hampshire Ball Bearings, Inc. v. Jackson*, 158 N.H. 421, 431, 969 A.2d 351, 361 (2009) ("[D]iscovery is generally within the province and discretion of the trial judge, not the jury.").

The Court has not sanctioned any party for conduct during discovery and neither Plaintiff nor Defendant should able to imply that the other side has engaged in any sanctionable conduct. Therefore, any argument that a party has engaged in sanctionable or otherwise improper discovery-related conduct constitutes an overreaching attempt to impose a sanction that the Court did not.[5] Accordingly, any evidence or references to discovery in this matter are irrelevant and should be excluded.

**B. Any Probative Value of Discovery-Related Conduct Is Substantially Outweighed by the Likelihood of Unfair Prejudice to EMEPA.**

Even if evidence of discovery-related conduct was marginally relevant, exclusion is still warranted under Rule 403 because any probative value is substantially outweighed by the likelihood of unfair prejudice and jury confusion.[6] Evidence is unfairly prejudicial if it has "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."[7]

Discovery disputes are not the province of a lay jury.[8] Jurors do not understand discovery or the context of discovery disputes. And the mention of discovery disputes in no way provides any information about whether EMEPA violated USERRA or any other pertinent matter in this case. Such evidence, particularly any insinuations of discovery misconduct, would be raised only to improperly attempt to prejudice the jury. Discovery-related evidence is even more unfairly

---

[5] *See Burwell v. Am. Edwards Labs.*, 62 Ohio App. 3d 73, 85–86, 574 N.E.2d 1094, 1102 (1989) ("The Civil Rules adequately provide for sanctions or other remedies when requests for discovery are not properly met, and there is thus no need to introduce evidence of discovery problems at trial.").

[6] Fed. R. Evid. 403.

[7] Advisory Comm. Notes on Proposed Federal Rule of Evidence 403; *see also Baker v. Holman*, No. 1:09CV36-A-D, 2011 WL 2414451, at *11 n.6 (N.D. Miss. June 13, 2011).

[8] *See, e.g.*, *New Hampshire Ball Bearings, Inc.*, 158 N.H. at 421.

prejudicial given the fact that this Court has never found either party to have engaged in sanctionable discovery abuses. Furthermore, introducing evidence pertaining to the discovery process will only confuse the issues and shift the jury's focus away from its role in resolving actual factual disputes. Accordingly, by definition, evidence or commentary related to discovery issues will encourage the jury to make a decision on an improper basis. This evidence must be excluded under Rule 403.[9]

## CONCLUSION

For the foregoing reasons, the Court should exclude references to or evidence concerning discovery that has taken place in this matter.

Respectfully submitted, this 29th day of May 2020.

*/s/ Alicia N. Netterville*
Mary Clay Morgan (MBN 101181)
Alicia N. Netterville (MSB 101055)

*Attorneys for East Mississippi Electric Power Association*

**OF COUNSEL:**
Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 1000
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
wmanuel@bradley.com
mmorgan@bradley.com

[9] *See Empire Gas Corp. v. Am. Bakeries Co.*, 840 F.2d 1333, 1341 (7th Cir. 1988); *Orchestrate HR, Inc.*, 2017 WL 273669, at *9.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will deliver copies to all counsel of record.

*/s/ Alicia N. Netterville*
Alicia N. Netterville